UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF PUERTO RICO

| | |
|---|---|
| UNITED STATES OF AMERICA, acting through the United States Department of Agriculture-Farm Service Agency<br><br>Plaintiff<br><br>v.<br><br>JORGE LUIS MERCADO RIVERA A/K/A JORGE L. MERCADO RIVERA, MILAGROS MERCADO CAMACHO A/K/A MILAGRO MERCADO CAMACHO A/K/A MILAGROS CAMACHO VILLANUEVA and their Conjugal Partnership<br><br>Defendants | CIVIL NO.<br><br>Re: Foreclosure of Mortgage; Collection of Money |

**COMPLAINT**

TO THE HONORABLE COURT:

COMES NOW the United States of America -acting through the United States Department of Agriculture, Farm Service Agency- through the undersigned attorney, who respectfully alleges and prays as follows:

1. Jurisdiction of this action is conferred on this Court by 28 U.S.C. Section 1345.

2. Plaintiff, United States of America, is acting through the United States Department of Agriculture, which is organized and existing under the provisions of the Consolidated Farm and Farm Service Agency Act, 7 U.S.C. §1921 et seq.

3. Plaintiff is the owner and holder of four (4) promissory notes that affect the two (2) properties described further below.

4. The first promissory note was subscribed for the amount of **$70,350.00**, with annual interest of 5.25%, on August 1, 1985. *See Exhibit 1 (Note).*

5. Said promissory note was modified on several occasions. Last modification occurred on April 18, 2008, through Deed #93, for $44,100.00. In addition, the defendant party assumed the loan obligations referred to in this complaint through said deed. *See Exhibit 2 (Deed #93).*

6. The second promissory note was subscribed for **$65,000.00**, with annual interest of 3.25%, on June 22, 1997. *See Exhibit 3 (Note).*

7. Said promissory note was modified on several occasions. Last modification occurred on April 18, 2008, through Deed #93, for $35,620.00. In addition, the defendant party assumed the loan obligations referred to in this complaint through said deed. *See Exhibit 2 (Deed #93).*

8. The third promissory note was subscribed for **$34,540.00**, with annual interest of 3.75%, on July 23, 1999. *See Exhibit 4 (Note).*

9. Said promissory note was modified on several occasions. Last modification occurred on April 18, 2008, through Deed #93, for $19,700.00. In addition, the defendant party assumed the

loan obligations referred to in this complaint through said deed. *See Exhibit 2 (Deed #93).*

10. The fourth promissory note was subscribed for **$15,000.00**, with annual interest of 4.25%, on September 9, 2004. *See Exhibit 5 (Note).*

11. Said promissory note was modified on several occasions. Last modification occurred on April 18, 2008, through Deed #93, for $8,630.00. In addition, the defendant party assumed the loan obligations referred to in this complaint through said deed. *See Exhibit 2 (Deed #93).*

12. According to the Property Registry, defendant party is the owner of record of the real estate properties subject of this case. Said properties are described -as they were recorded in Spanish- as follows:

    A. RÚSTICA: Parcela de terreno radicada en el barrio Bucarabones del término municipal de Maricao, Puerto Rico, compuesta de treinta y dos punto doscientos catorce cuerdas (32.214 cdas,) equivalentes a doce (12) hectáreas, sesenta y seis (66) áreas y cincuenta y dos (52) miliáreas. Colindante por el NORTE, con David Cuebas Quintana; por el SUR, con Gustavo Poueymirou Rivera y su esposa Ana Cintrón Serrano y con la parcela segregada y dedicada a uso público; al ESTE, con Benito Jiménez y por el OESTE, con la Carretera Estatal número ciento cinco (105).

        Property 687, recorded at page 195 of volume 109 of Maricao, Registry of San Germán, Puerto Rico. *See Exhibit 6 (Title Search).*

    B. RÚSTICA: Porción de terreno radicada en el Barrio Bucarabones de Maricao, Puerto Rico, compuesto de ciento

>   nueve cuerdas con veintiocho céntimos (109.28 cdas.), equivalentes a cuarenta y dos (42) hectáreas, noventa y cinco (95) áreas, trece (13) centiáreas, y dos (2) miliáreas. Colindante por el NORTE, con la Sucesión de Luis F. Candela antes, hoy terrenos de los Estados Unidos de América, separados por una quebrada, antes Sucesión Juan Sulsona, Sucesión F. Candela, José Avilés, antes Angel García, separados por el camino Las Lagunas, José Avilés, antes Sucesión José M. Santiago, Juan Epifanio Vélez, antes Cecilia Vélez y terrenos de Piereschi Hermanos; al ESTE, con terrenos de Rosa Martínez, Moisés Rivera, separados por un camino, terrenos de Nicolás Cuevas, Sucesión Luis F. Candela; al SUR, con terrenos de Ramón Frontera, Noelia Martínez, Arturo Rodríguez, Sucesión F. Candela, los dos primeros separados por un camino, o sea, el de Las Lagunas, y los dos últimos por el camino de Bucarabones o Indiera; y al OESTE, con Ramón F. Frontera, separados en parte por el camino Las Lagunas, terrenos de Teresa Mateo Avellanet, antes Sucesión de José Espinosa y Sucesión de Luis Candela; el camino denominado Las Lagunas atraviesa también la finca de Sur a Norte y pasa por los establecimientos. Contiene una casa de máquina de dos pisos, casa tienda, glacis, casa arrimados, casa principal.
>
>   Property 1,017, recorded at page 146 of volume 36 of Maricao, Registry of San Germán. *See Exhibit 7 (Title Search).*

13. The title searches attached to this complaint confirm the registration of the mortgage liens that secure the loan obligations between the plaintiff and the defendants. *See Exhibits 6 and 7.*

14. It was expressly stipulated in the notes evidencing the indebtedness that default in the payment of any part of the covenant or agreement therein contained will authorize the plaintiff, as payee of said notes, to declare due and payable the total amount of the indebtedness evidenced by said notes

4

and proceed with the execution and/or foreclosure of the mortgages.

15. The defendant party herein jointly has failed to comply with the terms of the mortgage contracts by failing to pay the installments due on all notes until the present day, and that after declaring all the indebtedness due and payable, the defendant party owes to the plaintiff, according to the Certification of Indebtedness included herein, the following amounts, as to March 19, 2025:

   a) On the $70,350 Note, as modified:
      1) The sum of $44,100.00, of principal;
      2) The sum of $55,934.32, of interest accrued and thereafter until its full and total payment, which interest amount increases at the daily rate of $9.2127;
      3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

   b) On the $65,000 Note, as modified:
      1) The sum of $35,620.00, of principal;
      2) The sum of $31,026.19, of interest accrued and thereafter until its full and total payment, which interest amount increases at the daily rate

   of $7.4412;

   3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

c) On the $34,540 Note, as modified:

   1) The sum of $19,700.00, of principal;

   2) The sum of $23,146.66, of interest accrued and thereafter until its full and total payment, which interest amount increases at the daily rate of $4.1154;

   3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.

d) On the $15,000 Note, as modified:

   1) The sum of $8,630.00, of principal;

   2) The sum of $10,130.56, of interest accrued and thereafter until its full and total payment, which interest amount increases at the daily rate of $1.8028;

   3) Plus, insurance premium, taxes, advances, late charges, costs, court costs expenses, disbursements and attorney's fees guaranteed under the mortgage obligation.   *See Exhibit 8 (Certificate of*

   *Indebtedness).*

16. The indebtedness evidenced by the aforementioned notes is secured by the mortgages over the properties described in this complaint.

## VERIFICATION

I, EDGAR MALDONADO MEDERO, of legal age, married, executive and resident of Toa Alta, Puerto Rico, in my capacity as Farm Loan Chief of the Farm Service Agency, San Juan, Puerto Rico, under the penalty of perjury, as permitted by Section 1746 of Title 28, United States Code, declare and certify:

1) My name and personal circumstances are stated above;

2) I subscribed this complaint as the legal and authorized representative of the plaintiff;

3) Plaintiff has a legitimate cause of action against the defendants above named which warrants the granting of relief requested in said complaint;

4) Defendants are a necessary and legitimate party to this action in view of the fact that they originated or assumed the mortgage obligation subject of this foreclosure, or bought the property subject to said mortgage;

5) From the information available to me and based upon the documents in the Farm Service Agency, it appears that defendants have not been declared incompetent by a court of justice with

authority to make such a declaration;

6) I have carefully read the allegations contained in this complaint and they are true and correct to the best of my knowledge and to the documents contained in the files of the Farm Service Agency;

7) I have carefully examined the Exhibits included to this complaint which are true and correct copies of the originals. The mortgage deeds have been duly recorded in the Property Registry.

I make the foregoing declaration under penalty of perjury, as permitted under Section 1746 of Title 28, United States Code.

In San Juan, Puerto Rico, this 27th day of May 2025.

EDGAR MALDONADO MEDERO

PRAYER

WHEREFORE, the plaintiff demands judgment as follows:

a)  That defendant's party pays unto the plaintiff the amounts claimed on this complaint;

b)  Or in default thereof that all legal right, title and interest which the defendants may have in the property described in this complaint and any building or improvement thereon be sold at public auction and that the monies due to the United States as alleged in the preceding paragraphs be paid out of the proceeds of said sale;

c)   That the defendants and all persons claiming or who may claim by, from or under them be absolutely barred and foreclosed from all rights and equity of redemption in and to said property;

d)   That if the proceeds of such sale be insufficient to cover the amounts specified under this complaint, said defendant party be adjudged to pay to the United States the total amount of money remaining unsatisfied, and execution be issued forthwith against said defendant party for the payment of said deficiencies against any of the properties of said defendants;

e)   That if the proceeds of said sale exceed the sum of money to be paid to the United States as aforesaid, any such excess be deposited with the Clerk of this Court subject to further orders from the Court;

f)   That once the property is auctioned and sold, the Clerk of this Court issue a writ addressed to the Registry of the Property ordering the cancellation of the foreclosed mortgage and of any other junior liens recorded therein;

g)   For such further relief as in accordance with law and equity may be proper.

In San Juan, Puerto Rico, this  27  day of May 2025.

/s/ Juan Carlos Fortuño Fas
JUAN CARLOS FORTUÑO FAS
USDCPR 211913

FORTUÑO & FORTUÑO FAS, C.S.P.
P.O. BOX 3908
GUAYNABO, PR 00970
TEL.  787-751-5290
FAX.  787-751-6155
email: dcfilings@fortuno-law.com

jvm/1521.296